IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID WASSON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No.: ) |
| THE HEIL CO., HEIL COMPANY, HEIL ENVIRONMENTAL INDUSTRIES, LTD., HEIL ENVIRONMENTAL, DOVER CORPORATION, and ENVIRONMENTAL SOLUTIONS GROUP, LLC., | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DAVID WASSON, by and through his attorneys, I. Peter Polansky and Elizabeth A. Moore, complaining against the Defendants, THE HEIL CO., HEIL COMPANY, HEIL ENVIRONMENTAL INDUSTRIES, LTD., HEIL ENVIRONMENTAL, DOVER CORPORATION, and ENVIRONMENTAL SOLUTIONS GROUP, LLC., and states as follows:

1.  The Plaintiff, DAVID WASSON, is a resident and citizen of the State of Indiana. The Defendant, THE HEIL CO., is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee. The Defendant, HEIL COMPANY, is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee. The Defendant, HEIL ENVIRONMENTAL INDUSTRIES, LTD., is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee. The Defendant, HEIL ENVIRONMENTAL, is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee. The Defendant, DOVER

CORPORATION, is a corporation organized under the laws of the State of Delaware with its principal place of business in Illinois. The Defendant, ENVIRONMENTAL SOLUTIONS GROUP, LLC., is a corporation organized under the laws of the State of Delaware with its principal place of business in Chattanooga, Tennessee. The amount in controversy exclusive of interest and costs exceeds seventy-five thousand dollars ($75,000.00). Jurisdiction is proper in the Court pursuant to 28 USC § 1332, this being a diversity of citizenship action between a resident of one state against corporate residents of another state.

2. The Defendants, The Heil Co., Heil Company, Heil Environmental Industries, LTD., Heil Environmental, Dover Corporation and Environmental Solutions Group, LLC., are in the business of designing, manufacturing, distributing and selling modular refutes collection vehicles including the Heil DuraPack Python Side Loader to the general public.

3. Prior to July 25, 2012, the Defendants, The Heil Co., Heil Company, Heil Environmental Industries, LTD., Heil Environmental, Dover Corporation and/or Environmental Solutions Group, LLC., sold a certain DuraPack Python Side Loader to Republic Services for use in its refuse and recycling collection business throughout Northwest Indiana.

4. The said DuraPack Python Side Loader was designated as truck #312 by Republic Services when it was put into service.

5. The DuraPack Python Side Loader combines a refute collection body with a Python automated arm which is used to lift, empty and return designated refute receptacles by an operator.

6. The DuraPack Python Side Loader involved was equipped with dual steering wheels so that the operator could drive the vehicle sitting at a curbside position or at a position that was street side.

7. The movement of the Python automated arm is controlled with the use of dual python lift joysticks - one at the curbside position and one at the street side position - so that an operator can sit at either the curbside or street side position and operate the python automated arm.

8. The DuraPack Python Side Loader is also equipped with a video camera and monitor that allows the driver to see to his rear only.

9. On July 25, 2012, the Plaintiff, DAVID WASSON, was employed by Republic Services as an auditor who was assigned by his employer to accompany the operator of truck # 312 on his recycling pick-up route to audit various customers recycling disposal.

10. On July 25, 2012, truck # 312 made a recycling stop in Michigan City, Indiana, and the Plaintiff was standing outside of said truck when the operator activated the Python automated arm which then violently grabbed the Plaintiff, DAVID WASSON, about his body and lifted him into the air.

11. At the time the said DuraPack Python Side Loader left the possession of the Defendants, and at the time the said DuraPack Python Side Loader entered the stream of commerce, it was in an unreasonably dangerous and defective condition. These defects included but were not limited to the following:

    a. An operator sitting in the street side position had no visibility of the operation of the Python Side Loader and could not tell if anybody was in its immediate vicinity;

    b. Failed to warn an operator not to operate said Python Side Loader while sitting in the street side operators position because of limited visibility to the curb side operation of the Python;

    c. Failed to equip said DuraPack Python Side Loader with a video camera and monitor so as to allow an operator to observe the operation and the immediate vicinity of the side loader while being operated; and

      d.     Defectively designed and manufactured said DuraPack Python Side Loader.

12. As a direct and proximate result and in consequence of the unreasonably dangerous and defective condition of said Heil DuraPack Python Side Loader manufactured, designed and sold by the said Defendants, the Plaintiff, DAVID WASSON, was caused to be injured when said Python Side Loader violently grabbed the Plaintiff and lifted him into the air and thereby he sustained severe and permanent injuries including injury to his hip and herniated discs to his back which required him to undergo hospitalizations, surgery and other medical treatment; and he has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and he has been will be hindered from attending to his affairs and duties and from following his usual occupation; and he has been and will be deprived of large earnings and profits which he otherwise would have realized; and he has incurred and will in the future continue to become liable for large sums of money for the care and treatment of his said injuries.

WHEREFORE, the Plaintiff, DAVID WASSON, asks judgment against the Defendants, The Heil Co., Heil Company, Heil Environmental Industries, LTD., Heil Environmental, Dover Corporation and Environmental Solutions Group, LLC., in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) plus costs of suit herein.

                                              Respectfully submitted,

                                              /s/ I. Peter Polansky
                                              I. Peter Polansky (26698-49)

                                              /s/ Elizabeth A. Moore
                                              Elizabeth A. Moore  (#23138-64A)

POLANSKY & CICHON, CHTD.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 5250
Chicago, IL 60601
(312) 346-9241 – Telephone
(312) 704-4431 – Facsimile